## POLK v. FRASH ET AL.

TENDER.—*Promissory Note Payable in "Good Endorsed Notes."—Assignment.— Note Payable in Bank.*—In an action on a promissory note executed by A. to B., payable at maturity "in good notes then due," * " to be endorsed by " A., the latter pleaded a tender, at maturity of such note, of a matured promissory note of a sufficient amount, which was fully secured by a

mortgage on real estate, and was executed by an insolvent maker, payable in bank to and endorsed in blank by C., with the endorsement thereon by A. to B., that it was "with the understanding that all the parties liable on this note must be exhausted before recourse" could be had against A. *Held*, that such tender was good.

From the Blackford Circuit Court.

*W. H. Carroll*, for appellant.

*W. A. Bonham* and *J. Cantwell*, for appellees.

HOWK, J.—In this action, the appellant, as plaintiff, sued the appellees, as defendants, upon a promissory note, of which the following is a copy:

"$1,505.13.     HARTFORD CITY, IND., March 18th, 1874.

"On the 1st day of January, 1876, we promise to pay to the order of Robert Polk one thousand five hundred and five dollars and thirteen cents, payable in good notes then due, drawing ten per cent. interest; said notes shall provide for attorney's fees for collecting the same, and to be endorsed by us; should we fail to furnish notes that provide for attorney's fees for the collection of the same, then we agree to place such notes as do not provide for attorney's fees in judgment, without any expense to said Robert Polk, without relief from valuation or appraisement laws."     (Signed,)     GEO. FRASH,

"JOHN FRASH."

In his complaint, the appellant alleged, in substance, that the appellees refused to comply with the provisions of said note or contract upon their part, although they had been frequently requested so to do; that a reasonable fee for appellant's attorneys was seventy-five dollars; and that the principal and interest of said note, and said attorney's fee, were then due and unpaid, except a credit endorsed on said note. The appellant demanded judgment for eighteen hundred dollars, and for other proper relief.

To this complaint, the appellees answered in three paragraphs, in substance, as follows:

1. A general denial;

2. Payment in full before the commencement of this action; and,

3. That the note sued on was executed by the appellees, payable to the appellant in good notes, to be delivered to appellant at the maturity of the note in suit and to be then due, which notes were to provide for attorney's fees, and were to be taken in full satisfaction and payment of the note sued on; that, at the time the said note became due, the appellees tendered to the appellant's agent and attorney good notes then due, providing for attorney's fees, in amounts sufficient to satisfy the full amount of the principal and interest of the note in suit; that the appellant's agent and attorney accepted the said notes as payment thereon, and receipted the appellees in full, except the sum of $206.39, which the appellant, through his agent, refused to accept, which notes were brought into court, with said paragraph of answer, and made a tender for said amount; and the appellees averred, that the note in suit had been fully paid and satisfied.

The appellant replied by a general denial to the second and third paragraphs of the appellees' answer.

The issues joined were tried by the court, and a finding made in favor of the appellees; and the appellant's motion for a new trial having been overruled, and his exception saved to such ruling, judgment was rendered on the finding.

In this court, the only error assigned by the appellant is the decision of the court below in overruling his motion for a new trial. The causes for such new trial, assigned in said motion, were, that the finding of the court was not sustained by sufficient evidence, and that it was contrary to law.

Two questions are presented by appellant's counsel, in his argument of this cause, for our consideration, both of which questions relate to the sufficiency of the tender made by the appellees to the appellant, as shown by the evidence. It appears, that it was admitted by the appel-

lant, on the trial of this cause, "that the notes tendered would, and did, amount to the note in suit;" but it was insisted, "that the notes tendered were not of the character described in the agreement." The appellant refused to receive three of the notes tendered by the appellees; but, in this court, the appellant's counsel objects to the "character" of only one of those three notes. The note thus objected to was the joint and several note of Mrs. Elizabeth Lewis and George W. Lewis, as makers, for one hundred and fifty-nine dollars, dated December 9th, 1873, and payable two years after date to the order of James F. Maddox, at the Hartford City Bank, Hartford City, Indiana, with interest at the rate of ten per cent. per annum, and attorney's fees if it was not paid at maturity, without relief, etc.; and the drawers and endorsers of the note severally waived presentment for payment, protest and notice of non-payment thereof, and released all errors that might accrue in the rendition of judgment thereon, and all right to sue out any writ of error. This note was endorsed in blank by Maddox, the payee thereof, and by the appellees to the appellant, by a special endorsement, as follows:

"We assign the within note to Robt. Polk, with the understanding that all parties liable on this note must be exhausted before recourse can be had on us."

(Signed,) "GEO. FRASH & BRO.
"Jan. 1st, 1876."

The two questions presented and discussed by the appellant's counsel in this court may be thus stated:

1. Under the evidence on the trial of this cause, was the Lewis note above described a "good note," within the meaning of that expression, as the same is used in the note now in suit?

2. Was the endorsement of the Lewis note by the appellees to the appellant, such an endorsement thereof as

the appellant was entitled to under the terms of the note sued on?

We will consider and decide these two questions in their enumerated order.

1. The note in suit, as we have seen, was "payable in good notes, then due." The terms of the Lewis note, if it was a "good note," were otherwise such as were agreed upon in the note sued on. The only evidence, on the trial, as to the character of the Lewis note, was the testimony of John Frash, one of the appellees. He testified as follows:

"The notes were good when we tendered them, and are good now. The makers of the note for $159" (the Lewis note) "are insolvent, and were when tendered, but it is secured by mortgage on real estate and endorsed by James F. Maddox, and the payment thereof is assured."

It is earnestly insisted by appellant's counsel, that the Lewis note was not a "good note," under the evidence, because it appeared therefrom that the makers of said note were insolvent. In our opinion, however, this position is not well taken. It is very clear, we think, from the terms of the note in suit, that it was not expected nor intended that this note was to or should be paid in "gilt-edged" mercantile paper, which would be promptly met and paid at maturity. Such notes are not allowed to become and remain due, without payment. But it is evident from the stipulations of the note sued on, as to attorney's fees, that the "good notes," in which payment was to be made, might have to be, as the parties expected and believed, collected by process of law.

It seems to us, therefore, that a note that "is secured by mortgage on real estate and endorsed by James F. Maddox, and the payment thereof is assured," even though the makers of such note were and are insolvent, must be regarded as a "good note," within the meaning of that expression as used in the note in suit.

2. It was stipulated in the note sued on, that the " good notes " in which payment was to be made, were " to be endorsed by us," the appellees. The Lewis note, as we have seen, was endorsed by the appellees to the appellant; but in the endorsement it was stated, that it was made " with the understanding that all parties liable on this note must be exhausted before recourse can be had on us," the appellees. It is claimed by the appellant, that, by and under the terms of the note in suit, the Lewis note should have been endorsed to him by the appellees, without any restriction or limitation on their liability, as such endorsers.

It is very clear, we think, that it was not contemplated by any of the parties to the note in suit, that it was to be paid in " good notes " payable to order or bearer, in a bank in this State, and negotiable as inland bills of exchange. The " good notes," to be endorsed by the appellees in payment of the note sued on, were to be notes negotiable under the statutes of this State. The liability of the endorser of such notes, under the statute, is restricted and limited by law to a liability very similar to that which was assumed by the appellees in their special indorsement of the Lewis note. This latter note, as we have seen, was payable to the order of Maddox, in a bank in this State, and was therefore negotiable as an inland bill of exchange. 1 R. S. 1876, p. 636, sec. 6.

It seems to us, therefore, that the appellant can not justify his refusal to accept the tender of the Lewis note, in part payment of the note in suit, by or on account of the endorsement thereof, or of the restriction or limitation on the liability of the appellees, as such endorsers, stated in said endorsement.

In conclusion, we hold, that the appellant's motion for a new trial was correctly overruled.

The judgment is affirmed, at the appellant's costs.